UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADING MANUFACTURING SOLUTIONS, LP,<br><br>                    Plaintiff,<br><br>v.<br><br>HITCO, LTD., et al.,<br><br>                    Defendant. | Case No.: 15cv1852-LAB (BGS)<br><br>**ORDER ON MOTIONS IN LIMINE; AND**<br><br>**ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION** |

The Court held a hearing on the pending motions in limine (Docket nos. 132 through 136) and the pending motion for preliminary injunction. (Docket no. 114.) For reasons discussed at the hearing, the Court rules as follows on those motions.

The motion to preclude evidence of concealment (Docket no. 132) is **DENIED**. Plaintiff clarified that evidence of concealed facts is merely a part of his fraud claim, and he is not bringing a separate claim for concealment.

The motion concerning choice of law (Docket no. 133) is **GRANTED**. Although the motion was opposed, the parties agree that California law governs Plaintiff's substantive claims, and New York law governs the corporate status of the two Hitco entities. Because alter ego arises from the entities' corporate status, it too is governed by New York law.

The motion for leave to amend the answer to include a statute of frauds defense (Docket no. 134) is **GRANTED** and the answer is **DEEMED AMENDED** to include this defense. The parties may submit additional briefing on this issue no later than noon on Monday, August 13, as discussed at the conference. But they should bear in mind that the Court may not address the issue until after trial has begun. And they should make every effort to be as succinct as possible.

The motion to exclude time-barred evidence (Docket no. 135) is **GRANTED IN PART**. Plaintiff's counsel may not argue that Defendants are liable for claims barred by the statute of limitations. But evidence concerning Defendants' actions outside the limitations period is not excluded merely because a claim arising during that time period would be. Counsel should confer and prepare a jury instruction on the statute of limitations defense.

The motion to bifurcate punitive damages and for the alter ego issue to be decided by the Court is **GRANTED IN PART**. Evidence on punitive damages is to be presented only after the first verdict (assuming the verdict is consistent with such an award). Counsel will reserve a portion of their time for presentation of evidence and argument; they will not be given additional time. Defendant Smith should be prepared to testify about his net worth, and should bring records of his net worth with him to trial.

On the alter ego, the jury will be asked to return a special verdict. The parties shall prepare questions of fact for the jury based on the alter ego factors that apply here. The Court will base its alter ego determination on the jury's findings of fact. If the facts are sufficient, the Court will determine whether equity requires that the doctrine apply. *See United States S.E.C. v. Jensen*, 835 F.3d 1100, 1111 (9th Cir. 2016) (holding that the trial court should consider equitable relief only after the legal claims had been tried to a jury, and that after the verdict, the court is bound by the jury's factual determination).

/ / /

2

15cv1852-LAB (BGS)

| | |
|---|---|
| 1 | The motion for a preliminary injunction is **GRANTED IN PART**. Until this |
| 2 | case's final disposition, Defendant Smith is **ORDERED** to retain full possession |
| 3 | and control of the patents for the Smart Clamp and Sani-Lock, and not to sell, |
| 4 | pledge, or otherwise transfer them. |
| 5 | Counsel should prepare for a jury instruction conference on Wednesday, |
| 6 | August 15 at noon. |
| 7 | **IT IS SO ORDERED**. |
| 8 | Dated: August 10, 2018 |

_(signature)_
Hon. Larry Alan Burns
United States District Judge