UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADING MANUFACTURING SOLUTIONS, LP,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>HITCO, LTD., et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 15cv1852-LAB (BGS)<br><br>**ORDER REQUIRING DEFENDANTS TO OBTAIN AND POST BOND** |

After Plaintiff prevailed at trial, Defendants filed a motion under Fed. R. Civ. P. 60, and also asked the Court to stay judgment. They offered to post a supersedeas bond for the entire amount of the judgment. The purpose of the bond was to ensure that even if final judgment were delayed, Plaintiff would be able to recover what he had been awarded. Court cautioned that if Defendants did not fulfill their part in this, the Court would lift the temporary stay. (*See* Docket no. 188 at 2:13–14.)

After the Court extended the time for Defendants to post a bond, they obtained a bond issued by Atlantic Specialty Insurance Company. Plaintiff timely objected to the bond, however, as failing to cover the entire amount of the judgment, and asked the Court to either require the posting of a new bond, or to

construe the bond so that Plaintiff would receive the full amount of any ultimate award. (Docket no. 193.) Defendants filed no opposition, thereby consenting to the request's being granted.[1] The Court granted the alternate request and construed the bond so as to provide that Plaintiff would be paid the full amount of any judgment that survived following appeal. Even if the award were reduced, or one or two of the Defendants were held not fully liable, Plaintiff would still be paid what he was entitled to. This construction, in the Court's view, was the most generous interpretation of Defendants' and Atlantic Specialty's actions, and would save money and effort.

The Court required that Atlantic Specialty be notified, and gave both it and any other party the opportunity to file an objection to the Court's construction of the bond. The order the Court issued construing the bond was Atlantic Specialty's and Defendants' first notice of the Court's understanding of the bond's coverage, and their opportunity to correct any misapprehension. Because Atlantic Specialty was not a party to this action and was affected by the Court's order, this was its first opportunity to explain what it thought the bond covered.

Atlantic Specialty filed a more limited objection making clear it did not agree with the Court's construction. Defendants, however, filed a lengthy brief that amounts to an unauthorized and unnecessary motion for reconsideration. *See* Standing Order in Civil Cases, ¶ 3(e). The motion sidesteps the Court's award of damages jointly and severally, *see* Docket no. 177 at 17:23–26, and makes several other misplaced arguments. The only portion of their brief that complies with the Court's order are the arguments that duplicate Atlantic Specialty's.

---

[1] *See* Civil Local Rule 7.1(f)(3)(a) (requiring a party who opposes any request for ruling by the Court to file a written opposition). *See also* Standing Order in Civil Cases, ¶ 5 (providing that *ex parte* applications and administrative requests to which no timely opposition is filed may be granted as unopposed).

Atlantic Specialty's response makes clear that, as Atlantic Specialty understands it, the bond Defendants obtained and posted would only cover the full amount of the judgment if Plaintiff prevails in full on appeal. If an appeal is even partially successful for any reason, the bond covers nothing. For example, if Hitco, Inc. were found not liable for Hitco, Ltd.'s actions, the bond would be worthless and would not cover any award against Theodore Smith, even if the judgment against him is affirmed entirely.

The Court accepts Atlantic Specialty's and Defendants' concession that the bond provides only narrow coverage, and construes it as urged by Atlantic Specialty. The bond therefore does not comply with the Court's order requiring the posting of a bond covering the entire judgment and guaranteeing that Plaintiff will recover whatever he is awarded. A bond that would leave Plaintiff potentially unable to collect is unacceptable. Defendants' motion for reconsideration is **DENIED** as moot.

Within **14 calendar days of the date this order is issued**, Defendants must post an acceptable bond covering the entire award, as previously ordered, and must file a notice stating that they have filed one. If Defendants need more time, they should first attempt to resolve the matter with Plaintiff before seeking an extension.

Defendants were previously cautioned that the onus is on them to justify a continued stay. If they do not obey the Court's order, the stay will be lifted without further notice to them.

**IT IS SO ORDERED**.

Dated: June 24, 2019

Hon. Larry Alan Burns
Chief United States District Judge