# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADING MANUFACTURING SOLUTIONS, LP,<br><br>Plaintiff,<br><br>v.<br><br>HITCO, LTD., et al.,<br><br>Defendants. | Case No.: 15cv1852-LAB (BGS)<br><br>**ORDER GRANTING IN PART MOTION TO REGISTER JUDGMENT; AND**<br><br>**ORDER DENYING MOTION TO ASSIGN PATENT** |

Plaintiff Leading Manufacturing Solutions ("LMS") has filed an *ex parte* motion to register judgment, citing 28 U.S.C. §1963. The motion seeks the Court's leave to register judgment in this case in the Eastern District of New York and the Southern District of Florida. LMS also filed a noticed motion asking the Court to order that Defendant's patent be assigned to Plaintiff.

**Registration of Judgment**

Section 1963 provides for the registration of judgments so that they can be enforced in other districts. A judgment can be registered if it has become final, or if the court that entered the judgment so orders, for good cause shown. LMS argues that good cause exists, because 1) Defendants do not appear to have any assets in this District, 2) Defendant Theodore Smith has substantial assets in the Eastern District of New York and the Southern District of Florida, and 3)

Defendants have failed to post an adequate supersedeas bond. *See Cheminova A/S. v. Griffin LLC*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002).

Although Defendants object to LMS's having filed an *ex parte* rather than noticed motion, they have filed a substantial opposition and the motion is fully briefed. Much of the opposition addresses the Court's earlier orders, which are not at issue here. Defendants also present evidence that LMS has not correctly identified property Smith owns in either of the other districts. They argue that in the absence of an identification of property Smith owns, LMS has not shown good cause. The opposition is silent as to whether Smith owns other property in the two districts. Defendants do not claim that Smith owns no substantial property in the other districts, only that LMS has not correctly identified the property he owns.

The parties cite no Ninth Circuit decisions explaining "good cause" in this context, and apparently there is no binding precedent. *See Funai Elec. Co., Ltd. v. Daewoo Electronics Corp.*, 2009 WL 605840, at *2 (N.D. Cal., Mar. 9, 2009). The key issue here is whether LMS must show that Smith has particular assets in the other two districts, or merely that he probably has assets there. As to this issue, there does not appear to be an established standard, and district courts have leeway in the exercise of their discretion, based on the facts of the case. *Id.* Most courts have required the judgment creditor to identify particular assets in the other district, although not all do. *See id.* (citing cases). The standard appears to require a showing beyond the mere possibility that the judgment debtor has assets in the other forum. *See Plaza Bank v. Alan Green Family Trust*, 2013 WL 3716446, at *2 (D. Nev., July 15, 2013) (". . . Plaintiff's belief that Defendant *might* have assets in Arizona, 'either now, or at some point in the future,' is not a sufficient showing of good cause.") But by the same token, courts do not always require specific identification, particularly where such information is likely beyond the reach of the judgment creditor. *See Funai* at *3.

/ / /

Because the Court entertained a motion to dismiss and sat as the trier of fact at trial, it is familiar with the underlying facts of the case. Even assuming the real property LMS has mentioned in its motion is not held in Smith's name, Smith lives and works on Long Island. He obviously owns substantial property—including the patent, which is the subject of the second motion—which is probably located there. In order to live there in the style he does, he must hold substantial assets locally. Both of the Hitco entities are headquartered on Long Island as well. They likely have few assets, but at last notice they had enough capital to continue operating. LMS is entitled to recover against any assets they do have.

Although Smith traveled extensively to Florida where he had use of a vacation home, it is less clear he owns any substantial assets there. Although the property records Defendants offer show that Smith's wife transferred the vacation home to a trust well before the commencement of this action, the evidence at trial showed that Smith treated it as his own, for instance by having a special phone line installed, which Hitco paid for. (*See* Findings, Docket no. 177, at 9:27–10:1.) The witnesses who testified at trial spoke of the home as belonging to Smith. Even if Smith is not the vacation home's record owner, it is nevertheless possible he holds substantial assets in Florida.

The Court finds the "good cause" standard satisfied as to the Eastern District of New York, but not as to the Southern District of Florida—though it is possible LMS could make the required showing. The *ex parte* motion is **GRANTED** as to registering the judgment in the Eastern District of New York, and **DENIED WITHOUT PREJUDICE** as to registering the judgment in the Southern District of Florida.

Defendants should bear in mind, however, that the Court stands ready to take appropriate measures to allow LMS to enforce the judgment if they resist collection efforts.

/ / /

3

15cv1852-LAB (BGS)

**Motion to Transfer Patents**

LMS' noticed motion asks the Court to order Smith to assign the patent to it, or, in the alternative, to appoint a receiver to transfer it to LMS. The dispute here, however, did not concern ownership of the patent, and the Court never awarded the patent to LMS. Smith and the other Defendants remain free to satisfy the entire judgment in cash.

Furthermore, transferring the patent would disrupt the judgment as it now stands. LMS is holding valuable unsold Smart Clamps, which it cannot sell because it is not the patent holder, but which Smith as the current patent holder could sell. (*See* Findings, Docket no. 177, at 16:18–25.) The Court awarded damages for this unpaid-for inventory, but provided that Defendants could claim the Smart Clamps, once the judgment was paid. (*Id.* at 17:17–18, 18:5–6.) Assuming LMS obtains the patent, the unsold Smart Clamps would be useless to Defendants; LMS would be the only party that could legally sell them—but only if the Court amended its judgment, or if LMS obtained ownership of the Smart Clamps either by enforcing its judgment or by buying them from Defendants. LMS might license Defendants to sell them, but the motion does not offer to do this.

The motion is **DENIED** as premature. This order does not prevent another court from acting to transfer ownership of the patent to LMS. But should that happen, the parties should attempt to reach a compromise regarding the unsold Smart Clamps before seeking any additional amendment of the judgment.

**IT IS SO ORDERED**.

Dated: August 13, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge